Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000530
28-FEB-2019
01:32 PM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SUZANNE SATOMI CHIN-YIN OTANI,
Defendant-Appellant

NO. CAAP-17-0000530

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-17-01657)

FEBRUARY 28, 2019

GINOZA, CHIEF JUDGE, FUJISE and CHAN, JJ.

OPINION OF THE COURT BY GINOZA, C.J.

Defendant-Appellant Suzanne Satomi Chin-Yin Otani
(**Otani**) appeals from a June 13, 2017 "Notice of Entry of Judgment
and/or Order and Plea/Judgment" (**Judgment**), entered by the
District Court of the First Circuit, 'Ewa Division (**District
Court**).[1] The District Court convicted Otani of one count of
Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**),

---

[1] The Honorable Randal I. Shintani presided.

in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1),[2] and sentenced her to, among other things, a forty-eight hour term of imprisonment, pursuant to HRS § 291E-61(b)(4).

On appeal, Otani argues the District Court abused its discretion in sentencing her to imprisonment under HRS § 291E-61(b)(4), because the District Court did not also sentence her to imprisonment under HRS § 291E-61(b)(1)(C)(ii).

For the reasons discussed below, we affirm the Judgment.

## I.   Factual Background

Otani was convicted for OVUII while driving with a passenger under the age of fifteen in the vehicle.  The offense occurred on April 7, 2017.  It was Otani's first OVUII offense.

HRS § 291E-61(b) (Supp. 2017) provides, in relevant part:

> (b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:
>
> (1)   For the first offense, or any offense not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):
>
> (A)   A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable program deemed appropriate by the court;
>
> (B)   One-year revocation of license and privilege to operate a vehicle during the revocation period and installation during the revocation period of an ignition interlock device on any vehicle operated by the person;

---

[2]   HRS § 291E-61(a)(1) (Supp. 2017) provides:

> **§291E-61  Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

  (C) Any one or more of the following:

    (i) Seventy-two hours of community service work;

    (ii) <u>Not less than forty-eight hours and not more than five days of imprisonment</u>; or

    (iii) A fine of not less than $150 but not more than $1,000;

  (D) A surcharge of $25 to be deposited into the neurotrauma special fund; and

  (E) A surcharge, if the court so orders, of up to $25 to be deposited into the trauma system special fund;

(2) For an offense that occurs within five years of a prior conviction for an offense under this section or section 291E-4(a):

  . . .

(3) For an offense that occurs within five years of two prior convictions for offenses under this section or section 291E-4(a):

  . . .

(4) <u>In addition to a sentence imposed under paragraphs (1) through (3), any person eighteen years of age or older who is convicted under this section and who operated a vehicle with a passenger, in or on the vehicle, who was younger than fifteen years of age, shall be sentenced to an additional mandatory fine of $500 and an additional mandatory term of imprisonment of forty-eight hours</u>; provided that the total term of imprisonment for a person convicted under this paragraph shall not exceed the maximum term of imprisonment provided in paragraph (1), (2), or (3), as applicable.  Notwithstanding paragraphs (1) and (2), the revocation period for a person sentenced under this paragraph shall be not less than two years[.]

(Emphases added).

  At sentencing, the District Court and counsel engaged in the following discussion:

  [DEFENSE COUNSEL]: . . . .

  Your Honor, as I'm reading the statute 291E-61(4) [sic], it references a . . . mandatory sentence of 48 hours. But it says "and in addition to."  So my position on that is

that unless the Court imposes a sentence of between one and five days under 291E-61(a)(1),[3] then the mandatory should not come into play because . . . the Legislature uses the term "and" or conjunctive. So in other words, there would have to be in -- a position [sic] of sentence under (a) -- or 291E-61(a) as a first-time offender for jail, and Ms. Otani has never gotten into any trouble in her past. I mean . . . she is a first-time . . . offender. . . . It was an aberration. So we would ask the Court to not impose the mandatory jail because she's not the type of person that would have had an imposition of jail under -- as a first offender under . . . 291E-61(a)(1). . . .

THE COURT: Okay.

[DEFENSE COUNSEL]: . . . [W]e would ask that no jail be imposed.

. . . .

[THE STATE]: So, Your Honor, . . . I do not interpret the enhanced sentencing to be read that way. I believe that the Court has discretion to impose either the 72 hours of community service, the jail, or a fine, as notated by the "or" in 291E-61(b)(1) through (3). But with regard to (b)(4), it reads "in addition to a sentence imposed under paragraphs (1) through (3).["] So Your Honor has the discretion to impose a sentence under subsections (1) through (3).

And in addition to whatever sentence the Court imposes, the defendant who's convicted of having a person . . . 15 years and under shall be sentenced to an additional mandatory fine of $500 and an additional mandatory term of imprisonment of 48 hours, just provided that the total term of imprisonment does not exceed a maximum term provided in paragraphs (1), (2), or (3).

. . . [A]nd I don't think that the Court has discretion with regard to subsection 4.

THE COURT: Okay. [Defense counsel], I beg to disagree with your interpretation. I mean, if I were to follow your interpretation, given the circumstances, I would consider -- under subsections paragraphs (1) through (3), give your client . . . one or more of the following: either the fine of $1,000, 72 hours' community service, 48 hours' jail up to five days.

That is part of the regular statute; is that correct, [Defense counsel]?

---

[3] It appears defense counsel's reference to HRS § 291E-61(a)(1) was incorrect, as that provision does not address sentencing. Further, the applicable provision, HRS § 291E-61(b)(1)(C)(ii), does not provide for imprisonment of between one and five days, but rather allows sentencing to include "[n]ot less than forty-eight hours and not more than five days of imprisonment[.]"

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: So, you know, I could give her 48 hours under that provision and then impose the additional [48] hours for the enhanced sentencing for a child under the . . . age of 15. So that would still make it under the . . . five-day limit. But I'm not sure you want to argue that if you're saying I have to give her jail time in order to also impose a 48-hour mandatory jail time. . . . [I]f I'm not mistaken, that's what you're arguing. I have to give her jail time, otherwise I cannot impose the mandatory 48 hours' jail.

[DEFENSE COUNSEL]: Well, Your Honor, that's why I was letting the Court know that this individual would . . . not be someone that really is appropriate for jail, given her history, . . . her background, given that this is a huge aberration.

. . . .

THE COURT: . . . [U]nfortunately, the Court having found her guilty as charged, I have no discretion, as I read the statute. It's the Legislature . . . that has deemed it mandatory sentence. . . .

(Footnote added).

The District Court entered the Judgment and Otani's sentence included forty-eight hours of imprisonment, a fine, assessment of various fees, and referral to substance abuse assessment.

## II. Standards of Review

### A. Sentencing

Sentencing decisions are reviewed under the abuse of discretion standard. A sentencing judge generally has broad discretion in imposing a sentence. Generally, to constitute an abuse of discretion, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Sanney, 141 Hawai'i 14, 19, 404 P.3d 280, 285 (2017) (citing State v. Hussein, 122 Hawai'i 495, 503, 229 P.3d 313, 321 (2010)).

### B. Statutory Interpretation

"The interpretation of a statute is a question of law reviewable *de novo*." State v. Arceo, 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996) (internal quotation marks and citation omitted).

5

This court's construction of statutes is guided by established rules:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

> When there is ambiguity in a statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent, such as legislative history, or the reason and spirit of the law.

State v. Wheeler, 121 Hawai'i 383, 390, 219 P.3d 1170, 1177 (2009) (internal quotation marks and citation omitted).

The Hawai'i Supreme Court has further noted that:

> the plain language rule of statutory construction does not preclude an examination of sources other than the language of the statute itself even when the language appears clear upon perfunctory review. Were this not the case, a court may be unable to adequately discern the underlying policy which the legislature seeks to promulgate and, thus, would be unable to determine if a literal construction would produce an absurd or unjust result, inconsistent with the policies of the statute.

> We must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

Shipley v. Ala Moana Hotel, 83 Hawai'i 361, 364-65, 926 P.2d 1284, 1287-88 (1996) (brackets and citations omitted).

### III. Discussion

HRS § 291E-61(b)(4) provides, in relevant part:

> In addition to a sentence imposed under paragraphs (1) through (3), any person eighteen years of age or older who is convicted under this section and who operated a vehicle with a passenger, in or on the vehicle, who was younger than fifteen years of age, shall be sentenced to an additional mandatory fine of $500 and an additional mandatory term of imprisonment of forty-eight hours[.]

(Emphases added).

Otani argues that in light of the phrase "[i]n addition to" in HRS § 291E-61(b)(4), the District Court was prohibited from sentencing her to forty-eight hours of imprisonment because the court did not sentence her to any imprisonment under HRS § 291E-61(b)(1)(C)(ii).[4]

According to the plain language of HRS § 291E-61(b)(4), when a person eighteen years of age or older commits OVUII with a passenger under fifteen years of age in or on the vehicle, in addition to "a" sentence under subsection HRS § 291E-61(b)(1), (2), or (3), the trial court must sentence the defendant to a forty-eight hour term of imprisonment. Contrary to Otani's argument, we do not interpret the "[i]n addition to" wording as indicating a legislative intent to limit the imposition of the prison sentence under subsection (b)(4) to situations in which the trial court has also sentenced the defendant to imprisonment under subsections (1), (2), or (3). *Cf.* State v. Ruggiero, 114 Hawai'i 227, 238, 160 P.3d 703, 714 (2007) (noting a new aggravating factor under HRS § 291E-61(b)(4) (Supp. 2003), which imposed "additional punishments beyond those provided for in HRS § 291E-61(b)(1) to (3), for any adult convicted of operating a vehicle while under the influence and with a passenger under the age of fifteen years in or on the vehicle[.]").

The only part of HRS § 291E-61(b)(4) that arguably is ambiguous are the words "an additional" just before "mandatory term of imprisonment of forty-eight hours." However, there is no other mandatory term of imprisonment of forty-eight hours anywhere within HRS § 291E-61(b). Moreover, when we consider the legislative history for HRS § 291E-61(b)(4), it is apparent that the Legislature intended the forty-eight hours of imprisonment in this subsection to be mandatory and in addition to any sentence imposed in subsections (1), (2), or (3).

---

[4] HRS § 291E-61(b)(1) applies because Otani is a first-time offender. The provision in subsection (b)(1) providing for imprisonment is subsection (b)(1)(C)(ii).

The subject provision was first adopted in 1999, when the Legislature enacted Act 78, which, *inter alia*, amended HRS § 291-4 (the predecessor statute to HRS § 291E-61). 1999 Haw. Sess. Laws Act 78, §§ 2, 6 at 131-32. This new subsection stated:

> Any person eighteen years of age or older, who is convicted under this section and who operated or assumed actual physical control of a vehicle with a passenger, in or on the vehicle, who was younger than fifteen years of age, shall be sentenced to an additional mandatory fine of $500, and an additional mandatory term of imprisonment of forty-eight hours; provided, however, that the total term of imprisonment for a person convicted under this section shall not exceed thirty days.

Id. at 132; HRS § 291-4(b)(4) (Supp. 1999).

The conference committee report on House Bill 212, which became Act 78, indicates the bill proposed imposing a mandatory fine of $500 when the triggering conditions were met. Conf. Comm. Rep. No. 77, in 1999 House Journal, at 943, 1999 Senate Journal, at 872. However, the conference committee amended the bill so that it would also include "as an additional penalty, a mandatory term of imprisonment of forty-eight hours[.]" Conf. Comm. Rep. No. 77, in 1999 House Journal, at 943, 1999 Senate Journal, at 873. Notably, the report does not indicate that the forty-eight hours prison sentence was only applicable if a prison sentence was also imposed under HRS § 291-4(b)(1), (2), or (3).

The Legislature explained the purpose of Act 78:

> The legislature finds that serious motor vehicle collisions involving child passengers are on the increase. Many of these collisions have involved a driver who consumed intoxicating liquor and then operated a motor vehicle. In several recent incidents, child passengers of vehicles driven by such drivers have been killed or severely injured. Therefore, the legislature finds that stronger penalties are needed to deter persons who would endanger their child passengers by "drinking and driving."
>
> Accordingly, it is the purpose of this Act to impose an additional, stiffer fine (in addition to the existing penalties for driving under the influence of intoxicating liquor) on any person age eighteen years or over convicted of driving under the influence of intoxicating liquor while having in the vehicle a passenger younger than fifteen years of age.

1999 Haw. Sess. Laws Act 78, § 1 at 131 (emphasis added). The Legislature's intent was to require additional penalties for driving under the influence of an intoxicant that endangers a passenger under the age of fifteen.

The provision for enhanced sentences in HRS § 291-4(b)(4) was recodified as part of the Legislature's repeal of HRS § 291-4 and the enactment of HRS chapter 291E. See 2000 Haw. Sess. Laws Act 189, §§ 23 and 30 at 425-27, 432. Within chapter 291E, the enhanced sentencing provision was originally set forth in § 291E-61(b)(5), effective January 1, 2002. See 2000 Haw. Sess. Laws Act 189, §§ 23 and 41, at 425-27, 433; HRS § 291E-61(b)(5) (Supp. 2000).

After further revisions by the Legislature, the provision was subsequently recodified to the current provision in HRS § 291E-61(b)(4). See 2001 Haw. Sess. Laws Act 157, § 25 at 397-98; 2003 Haw. Sess. Laws Act 71, § 3 at 124-26; 2005 Haw. Sess. Laws Act 33, § 1 at 68-69; 2006 Haw. Sess. Laws Act 201, § 7 at 868-69; 2007 Haw. Sess. Laws Act 198, § 4 at 391-92; 2008 Haw. Sess. Laws Act 171, § 8 at 618-20; 2009 Haw. Sess. Laws Act 88, § 6 at 216-18; 2010 Haw. Sess. Laws Act 166, § 19 at 408-09.[5]

The "[i]n addition to" language that now appears at the beginning of subsection (b)(4) was adopted effective as of January 1, 2011, as part of HRS § 291E-61(b)(4):[6]

> In addition to a sentence imposed under paragraphs (1) through (3), any person eighteen years of age or older who is convicted under this section and who operated a vehicle with a passenger, in or on the vehicle, who was younger than fifteen years of age, shall be sentenced to an additional mandatory fine of $500 and an additional mandatory term of imprisonment of forty-eight hours; provided that the total term of imprisonment for a person convicted under this paragraph shall not exceed the maximum term of imprisonment provided in paragraph (1), (2), or (3), as applicable. . . .

HRS § 291E-61(b)(4) (Supp. 2011) (emphasis added).

---

[5] There were amendments to the enhanced sentencing provision that are not material to this opinion and thus are not discussed.

[6] The "[i]n addition to" language was originally adopted by the Legislature in the 2008 Hawaiʻi Session Laws, to go into effect on July 1, 2010. 2008 Haw. Sess. Laws Act 171, §§ 8 and 20, at 618-20, 628. However, after further revisions by the Legislature in 2009, the "[i]n addition to" language was made effective as of January 1, 2011. 2009 Haw. Sess. Laws Act 88, §§ 6 and 17, at 216-18, 222.

Nothing in the legislative history of HRS § 291E-61 explains why the "[i]n addition to" language was added. From our reading of the statutes and legislative history, it appears this language was adopted to reinforce the underlying purpose of subsection (b)(4) and the notion that the enhanced prison sentence was to be imposed in addition to a sentence under one of the prior subsections of HRS § 291E-61(b).

Here, although the District Court decided not to sentence Otani to imprisonment under HRS § 291E-61(b)(1)(C)(ii), the District Court correctly imposed the imprisonment term set forth in HRS § 291E-61(b)(4), because the court did impose a sentence against Otani under subsection (b)(1) and the other requirements of subsection (b)(4) were met.

### IV.   Conclusion

The June 13, 2017 "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered by the District Court of the First Circuit, 'Ewa Division, is affirmed.


On the briefs:

Scot Stuart Brower,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.